UNITED STATED DISTRICT COURT
EASTERN  DISTRICT OF NEW YORK
-------------------------------------------------------------------X
WILMINGTON TRUST, NATIONAL
ASSOCIATION, AS TRUSTEE FOR THE
REGISTERED HOLDERS OF THE BANCORP
COMMERCIAL MORTGAGE 2019-CRE5 TRUST,          **DEFENDANTS**
COMMERCIAL MORTGAGE PASS-THROUGH             **SAMCOM 48 (DE) LLC'S AND**
CERTIFICATES, SERIES 2019-CRE5,                        **37-10 114TH STREET ML**
                                                                        **FUNDING LLC'S**
                                              Plaintiff,        **ANSWER TO THE**
                                                                        **AMENDED COMPLAINT**
                                                                        **WITH A CROSS-CLAIM**

                          - against -

SAMCOM 48 (DE) LLC, AI YUN CHEN,                     Case No. 22 Civ. 2720 (RPK) (RLM)
WENDY CHAU, SAM STRULOVITCH, 37-10
114TH STREET ML FUNDING, LLC, KE
HUANG SHI, THE NEW YORK CITY
DEPARTMENT OF FINANCE, THE NEW
YORK CITY ENVIRONMENTAL CONTROL
BOARD, and "JOHN DOE #1" through "JOHN
DOE #20," the twenty names being fictitious and
unknown to the Plaintiffs, the person or parties
intended being the tenants, occupants, persons or
corporations, if any, having or claiming an interest
in lien upon the premises,

                                              Defendants.
-------------------------------------------------------------------X

        Defendants, SAMCOM 48 (DE) LLC and  37-10 114TH STREET ML FUNDING, LLC

("Defendants"), by and through their attorneys, The Klein Law Group CRE PLLC, as and for their

Answer to Plaintiff, WILMINGTON TRUST, NATIONAL ASSOCIATION, AS TRUSTEE FOR

THE REGISTERED HOLDERS OF THE BANCORP COMMERCIAL MORTGAGE 2019-

CRE5 TRUST's ("Plaintiff"), Amended Complaint dated July 27, 2022 ("Complaint"), allege as

follows:

## NATURE OF THE CLAIMS[1]

1.      Paragraph 1 of the Complaint consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

## THE PARTIES

2.      Paragraph 2 of the Complaint consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2.

3.      Paragraph 3 of the Complaint consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2, except admit that, "SAMCOM 48 (DE) LLC ("SAMCOM" or "Borrower"), was and is a limited liability company organized and existing under the laws of the State of Delaware;" "Borrower maintains its principal place of business at 3 Columbus Circle, 23rd floor, New York, New York 10019;" "Borrower's sole member is or may be 37-10 114th Street ML Funding LLC ("ML Funding");" and "ML Funding's sole member is Moinian Limited. Moinian Limited is a foreign corporation organized under the laws of the British Virgin Islands and maintaining its principal place of business in New York, New York."

4.      Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the Complaint.

5.      Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Complaint.

---

[1] This Answer utilizes the headings set forth in the Counterclaims solely for the Court's ease of reference, and Defendants deny the allegations contained in the headings unless expressly admitted.

6.     Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint.

7.     Paragraph 7 of the Complaint consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2, except admit that "ML Funding is a citizen of the British Virgin Islands and/or New York, which maintains a principal place of business located at c/o The Moinian Group, 3 Columbus Circle, 23rd Floor, New York, New York 10019."

8.     Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint.

9.     Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint.

10.    Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint.

11.    Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint.

## JURISDICTION AND VENUE

12.    Paragraph 12 of the Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint.

13.     Paragraph 13 of the Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Defendants admit that venue is proper in this Court.

## THE LOAN DOCUMENTS

14.     With respect to the allegations contained in Paragraph 14 of the Complaint, Defendants admit that the parties entered the Senior Loan, Building Loan and Project Loan (as those terms are defined in the Complaint), and respectfully refer the Court to those documents for their contents. All other allegations in this paragraph, including all mischaracterizations of the documents, are denied

### A.     The Senior Loan

15.     Deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 15 of the Complaint, except refer the Court to the Senior Loan Note, annexed as Exhibit 1 to the Complaint, as the best evidence of its terms and provisions.

16.     Deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 16 of the Complaint, except refer the Court to the Senior Loan Agreement, annexed as Exhibit 2 to the Complaint, as the best evidence of its terms and provisions.

17.     Deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 17 of the Complaint, except refer the Court to the Senior Loan Mortgage, annexed as Exhibit 3 to the Complaint, as the best evidence of its terms and provisions.

18.     Deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 18 of the Complaint, except refer the Court to the Senior Loan Mortgage, annexed as Exhibit 3 to the Complaint, as the best evidence of its terms and provisions.

19.     Deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 19 of the Complaint, except refer the Court to the Senior Loan ALR, annexed as Exhibit 4 to the Complaint, as the best evidence of its terms and provisions.

20.     Deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 20 of the Complaint, except refer the Court to the Senior Loan ALR, annexed as Exhibit 4 to the Complaint, as the best evidence of its terms and provisions.

**B.**     **The Building Loan**

21.     Deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 21 of the Complaint, except refer the Court to the Building Loan Note, annexed as Exhibit 5 to the Complaint, as the best evidence of its terms and provisions.

22.     Deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 22 of the Complaint, except refer the Court to the Building Loan Agreement, annexed as Exhibit 6 to the Complaint, as the best evidence of its terms and provisions.

23.     Deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 23 of the Complaint, except refer the Court to the Building Loan Mortgage, annexed as Exhibit 7 to the Complaint, as the best evidence of its terms and provisions.

24.     Deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 24 of the Complaint, except refer the Court to the Building Loan Mortgage, annexed as Exhibit 7 to the Complaint, as the best evidence of its terms and provisions.

25.     Deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 25 of the Complaint, except refer the Court to the Building Loan ALR, annexed as Exhibit 8 to the Complaint, as the best evidence of its terms and provisions.

26.     Deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 26 of the Complaint, except refer the Court to the Building Loan ALR, annexed as Exhibit 8 to the Complaint, as the best evidence of its terms and provisions.

**C.     The Project Loan**

27.     Deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 27 of the Complaint, except refer the Court to the Project Loan Note, annexed as Exhibit 9 to the Complaint, as the best evidence of its terms and provisions.

28.     Deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 28 of the Complaint, except refer the Court to the Project Loan Agreement, annexed as Exhibit 10 to the Complaint, as the best evidence of its terms and provisions.

29.     Deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 29 of the Complaint, except refer the Court to the Project Loan Mortgage, annexed as Exhibit 11 to the Complaint, as the best evidence of its terms and provisions.

30.     Deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 30 of the Complaint, except refer the Court to the Project Loan Mortgage, annexed as Exhibit 11 to the Complaint, as the best evidence of its terms and provisions.

31.     Deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 31 of the Complaint, except refer the Court to the Project Loan ALR, annexed as Exhibit 12 to the Complaint, as the best evidence of its terms and provisions.

32.     Deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 32 of the Complaint, except refer the Court to the Project Loan ALR, annexed as Exhibit 12 to the Complaint, as the best evidence of its terms and provisions.

**D. Other Loan Documents**

33.     Deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 33 of the Complaint, except refer the Court to the Recourse Guaranty, annexed as Exhibit 13 to the Complaint, as the best evidence of its terms and provisions.

34.     Deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 34 of the Complaint, except refer the Court to the Completion Guaranty, annexed as Exhibit 14 to the Complaint, as the best evidence of its terms and provisions.

35.     Deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 35 of the Complaint, except refer the Court to the County UCCs, annexed as Exhibit 15 to the Complaint, as the best evidence of their terms and provisions.

36.     Deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 36 of the Complaint, except refer the Court to the State UCCs, annexed as Exhibit 16 to the Complaint, as the best evidence of their terms and provisions.

37.     Deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 37 of the Complaint, except refer the Court to the Cash Management Agreement, dated as of October 31, 2018, as the best evidence of their terms and provisions.

38.     Deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 38 of the Complaint.

**E. Assignment of the Loan and Loan Documents to Documents to the Plaintiff**

39.     Deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 39 of the Complaint.

40.     Deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 40 of the Complaint.

**41.**     Paragraph 41 of the Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41 of the Complaint.

## F.     **The Mezzanine Loan**

42.     With respect to the allegations contained in Paragraph 42 of the Complaint, admit that "[o]n or about October 31, 2018 a Mezzanine Loan Agreement was entered into by and between ML Funding and Chatus, as mezzanine borrower, in the amount of $6,000,000.00 (the "Mezzanine Loan")," and respectfully refer the Court to the Mezzanine Loan for its contents.

43.     Paragraph 43 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Defendants state that the Pledge and Security Agreement dated as of October 31, 2018 (the "Pledge Agreement") speaks for itself and respectfully refer the Court to that document for its contents. All other allegations in this paragraph, including all mischaracterizations of the Pledge Agreement, are denied.

44.     Admit the allegations contained in Paragraph 44 of the Complaint, and respectfully refer the Court to the Intercreditor Agreement, annexed as Exhibit 34 to the Complaint, as the best evidence of its contents for its contents.

### G. **Borrower's Default Under the Loan Documents**

#### 1. **Borrower's Payment Defaults**

45.     Neither admit nor deny the allegations contained in Paragraph 45 of the Complaint; the language of the Senior Loan Agreement speaks for itself.

46.     Neither admit nor deny the allegations contained in Paragraph 46 of the Complaint; the language of the Senior Loan Agreement speaks for itself.

47.     Deny the allegations contained in Paragraph 47 of the Complaint.

48.     Paragraph 48 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Defendants state that the Loan Documents speak for themselves and respectfully refer the Court to those documents for their contents. All other allegations in this paragraph, including all mischaracterizations of the Loan Documents, are denied.

49.     Deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 49 of the Complaint, except refer the Court to the Letter dated December 22, 2020, annexed as Exhibit 25 to the Complaint, as the best evidence of its contents.

50.     Deny the allegations contained in Paragraph 50 of the Complaint.

#### 2. **Borrower Ceases To Do Business As A Hotel and Enters Into Major Contracts Without Plaintiff's Prior Written Consent**

51.      Neither admit nor deny the allegations contained in Paragraph 51 of the Complaint; the language of the Senior Loan Agreement speaks for itself.

52.     Neither admit nor deny the allegations contained in Paragraph 52 of the Complaint; the language of the Senior Loan Agreement speaks for itself.

53.     Neither admit nor deny the allegations contained in Paragraph 53 of the Complaint; the language of the Senior Loan Agreement speaks for itself.

54.     Neither admit nor deny the allegations contained in Paragraph 54 of the Complaint; the language of the Senior Loan Agreement speaks for itself.

55.     Neither admit nor deny the allegations contained in Paragraph 55 of the Complaint; the language of the Senior Loan Agreement speaks for itself.

56.     Neither admit nor deny the allegations contained in Paragraph 56 of the Complaint; the language of the Senior Loan Agreement speaks for itself.

57.     Neither admit nor deny the allegations contained in Paragraph 57 of the Complaint; the language of the Senior Loan Agreement speaks for itself.

58.     Neither admit nor deny the allegations contained in Paragraph 58 of the Complaint; the language of the Senior Loan Agreement speaks for itself.

59.     Neither admit nor deny the allegations contained in Paragraph 59 of the Complaint; the language of the Senior Loan Agreement speaks for itself.

60.     Neither admit nor deny the allegations contained in Paragraph 60 of the Complaint; the language of the Senior Loan Agreement speaks for itself.

61.     With respect to the allegations contained in Paragraph 61 of the Complaint, admit that "[o]n or about May 19, 2020, Borrower entered into that certain Hotel Use Agreement with the City of New York Department of Homeland Services (the "DHS"), dated as of May 19, 2020 the "DHS Hotel Use Agreement")," and respectfully refer the Court to the DHS Hotel use Agreement for its terms and provision.

62.     Neither admit nor deny the allegations contained in Paragraph 62 of the Complaint; the language of the DHS Hotel Use Agreement speaks for itself.

63.     Paragraph 63 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Defendants state that the DHS Hotel Use Agreement and Loan Documents speak for themselves and respectfully refer the Court to those documents for their contents. All other allegations in this paragraph, including all mischaracterizations of the DHS Hotel Use Agreement and Loan Documents, are denied.

64.     Paragraph 64 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Defendants state that the DHS Hotel Use Agreement speaks for itself and respectfully refer the Court to that document for its contents. All other allegations in this paragraph, including all mischaracterizations of the DHS Hotel Use Agreement, are denied.

65.     Paragraph 65 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Defendants state that the Senior Loan Agreement and DHS Hotel Use Agreement speak for themselves and respectfully refer the Court to those document for their contents. All other allegations in this paragraph, including all mischaracterizations of the Senior Loan Agreement and DHS Hotel Use Agreement, are denied.

66.     Deny the allegations contained in Paragraph 66 of the Complaint.

67.     Paragraph 67 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Defendants state that the Senior Loan Agreement speaks for itself and respectfully refer the Court to that document for its contents. All other

allegations in this paragraph, including all mischaracterizations of the Senior Loan Agreement, are denied.

68.     Deny the allegations contained in Paragraph 68 of the Complaint.

69.     Deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 69 of the Complaint, except refer the Court to the Letter dated July 13, 2020, annexed as Exhibit 26 to the Complaint, as the best evidence of its contents.

70.     Deny the allegations contained in Paragraph 70 of the Complaint.

71.     Deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 71 of the Complaint.

72.     Deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 72 of the Complaint, except refer the Court to the Conditional Approval Letter dated October 29, 2020 (the "October 2020 Conditional Approval Letter"), as the best evidence of its contents.

73.     Deny the allegations contained in Paragraph 73 of the Complaint.

74.     Paragraph 74 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Defendants state that the Loan Documents speak for themselves and respectfully refer the Court to those documents for their contents. All other allegations in this paragraph, including all mischaracterizations of the Loan Documents, are denied.

75.     Paragraph 75 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Defendants state that the H&H Hotel Use Agreement (as that term is defined in the Complaint) speaks for itself and respectfully refer the Court to that

document for its contents. All other allegations in this paragraph, including any mischaracterizations of the H&H Hotel Use Agreement, are denied.

76.     Neither admit nor deny the allegations contained in Paragraph 76 of the Complaint; the language of the H&H Hotel Use Agreement speaks for itself.

77.     Paragraph 77 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Defendants state that the Loan Documents speak for themselves and respectfully refer the Court to those documents for their contents. All other allegations in this paragraph, including all mischaracterizations of the Loan Documents, are denied.

78.     Deny the allegations contained in Paragraph 78 of the Complaint.

79.     Paragraph 79 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Defendants state that the Senior Loan Agreement speaks for itself and respectfully refer the Court to that document for its contents. All other allegations in this paragraph, including all mischaracterizations of the Senior Loan Agreement, are denied.

80.     Paragraph 80 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Defendants state that the Loan Documents speak for themselves and respectfully refer the Court to those documents for their contents. All other allegations in this paragraph, including all mischaracterizations of the Loan Documents, are denied.

81.     Deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 81 of the Complaint, except refer the Court to the Denial of Request for

13

Approval and Reservation of Rights Letter dated December 31, 2021 (the "December 2021 Denial Letter"), annexed as Exhibit 27 to the Complaint, as the best evidence of its contents.

82.     Deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 82 of the Complaint.

83.     Deny the allegations contained in Paragraph 83 of the Complaint.

84.     Paragraph 84 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Defendants state that the Franchise Agreement speaks for itself and respectfully refer the Court to that document for its contents. All other allegations in this paragraph, including all mischaracterizations of the Franchise Agreement, are denied.

85.     Paragraph 85 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Defendants state that the Senior Loan Agreement speaks for itself and respectfully refer the Court to that document for its contents. All other allegations in this paragraph, including all mischaracterizations of the Senior Loan Agreement, are denied.

86.     Deny the allegations contained in Paragraph 86 of the Complaint.

87.     Deny the allegations contained in Paragraph 87 of the Complaint.

88.      Paragraph 88 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Defendants state that the Senior Loan Agreement speaks for itself and respectfully refer the Court to that document for its contents. All other allegations in this paragraph, including all mischaracterizations of the Senior Loan Agreement, are denied.

### 3.   Borrower Violated Cash Management Requirements

89.     Paragraph 89 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Defendants state that the Notice of Cash Trap Period – Restaurant Lease Trigger Event dated March 20, 2020 and Senior Loan Agreement speak for themselves and respectfully refer the Court to those documents for their contents. All other allegations in this paragraph, including all mischaracterizations of those documents, are denied.

90.     Neither admit nor deny the allegations contained in Paragraph 90 of the Complaint; the language of the Senior Loan Agreement speaks for itself.

91.     Neither admit nor deny the allegations contained in Paragraph 91 of the Complaint; the language of the Senior Loan Agreement speaks for itself.

92.     Paragraph 92 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Defendants state that the Senior Loan Agreement speaks for itself and respectfully refer the Court to the Senior Loan Agreement for its contents. All other allegations in this paragraph, including all mischaracterizations of the Senior Loan Agreement, are denied.

93.     Deny the allegations contained in Paragraph 93 of the Complaint.

### 4.   Borrower's Failure to Comply with Pension Plan Obligation

94.     Paragraph 94 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Defendants state that the Senior Loan Agreement speaks for itself and respectfully refer the Court to the Senior Loan Agreement for its contents. All other allegations in this paragraph, including all mischaracterizations of the Senior Loan Agreement, are denied.

15

95.     Neither admit nor deny the allegations contained in Paragraph 95 of the Complaint; the language of the Senior Loan Agreement speaks for itself.

96.     Deny the allegations contained in Paragraph 96 of the Complaint.

**5.   Borrower's Failure to Cure Liens Recorded Against the Mortgaged Premises**

97.     Neither admit nor deny the allegations contained in Paragraph 97 of the Complaint; the language of the Senior Loan Agreement speaks for itself.

98.     Neither admit nor deny the allegations contained in Paragraph 98 of the Complaint; the language of the Senior Loan Agreement speaks for itself.

99.     Neither admit nor deny the allegations contained in Paragraph 99 of the Complaint; the language of the Senior Loan Agreement speaks for itself.

100.    Deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 100 of the Complaint, except refer the Court to the Strulovitch Contract, as the best evidence of their terms and provisions.

101.    Deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 101 of the Complaint, except refer the Court to the Strulovitch Contract, as the best evidence of their terms and provisions.

102.    Deny the allegations contained in Paragraph 102 of the Complaint.

103.    Paragraph 103 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Defendants state that the Loan Documents speaks for themselves and respectfully refer the Court to the Loan Documents for their contents. All other allegations in this paragraph, including all mischaracterizations of the Loan Documents, are denied.

104.     Deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 104 of the Complaint, except refer the Court to the Letter dated October 26, annexed as Exhibit 29 to the Complaint, as the best evidence of its contents.

105.     Deny the allegations contained in Paragraph 105 of the Complaint.

106.     Deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 106 of the Complaint.

107.     Deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 107 of the Complaint.

108.     Deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 108 of the Complaint.

109.     Deny the allegations contained in Paragraph 109 of the Complaint.

110.     Paragraph 110 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Defendants state that the Loan Documents speaks for themselves and respectfully refer the Court to the Loan Documents for their contents. All other allegations in this paragraph, including all mischaracterizations of the Loan Documents, are denied.

**6.   <u>Borrower's Failure to Pay the Indebtedness Due Under the Loan Documents</u>**

111.     Paragraph 111 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Defendants state that the Loan Documents speaks for themselves and respectfully refer the Court to the Loan Documents for their contents. All other allegations in this paragraph, including all mischaracterizations of the Loan Documents, are denied.

112.    Deny the allegations contained in Paragraph 112 of the Complaint.

113.    Deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 113 of the Complaint, except refer the Court to the Notice of Additional Default / Demand to Cure dated January 28, 2021, annexed as Exhibit 30 to the Complaint, as the best evidence of its contents.

114.    Deny the allegations contained in Paragraph 114 of the Complaint.

115.    Paragraph 115 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Defendants state that the letter dated March 9, 2021 (the "Notice of Acceleration") speaks for itself and respectfully refer the Court to the Notice of Acceleration for its contents. All other allegations in this paragraph, including all mischaracterizations of the Notice of Acceleration, are denied.

**H. Guarantors' Recourse Liability Under the Loan Documents**

116.    Paragraph 116 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Defendants state that the Recourse Guaranty speaks for itself and respectfully refer the Court to the Recourse Guaranty for its contents. All other allegations in this paragraph, including all mischaracterizations of the Recourse Guaranty, are denied.

117.    Paragraph 117 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Defendants state that the Senior Loan Agreement speaks for itself and respectfully refer the Court to the Senior Loan Agreement for its contents. All other allegations in this paragraph, including all mischaracterizations of the Senior Loan Agreement, are denied.

118.     Paragraph 118 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Defendants state that the Senior Loan Agreement speaks for itself and respectfully refer the Court to the Senior Loan Agreement for its contents. All other allegations in this paragraph, including all mischaracterizations of the Senior Loan Agreement, are denied.

119.     Deny the allegations contained in Paragraph 119 of the Complaint.

120.     Deny the allegations contained in Paragraph 120 of the Complaint.

121.     Deny the allegations contained in Paragraph 121 of the Complaint.

122.     Deny the allegations contained in Paragraph 122 of the Complaint.

123.     Deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 123 of the Complaint.

124.     Deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 124 of the Complaint.

125.     Deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 125 of the Complaint.

**I.   ML Funding Conducts a UCC Sale of the Membership Interests in Borrower**

126.     Admit the allegations contained in Paragraph 126 of the Complaint.

127.     Admit the allegations contained in Paragraph 127 of the Complaint.

128.     Admit the allegations contained in Paragraph 128 of the Complaint.

129.     Deny the allegations contained in Paragraph 129 of the Complaint.

130.     Paragraph 130 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Defendants state that the Intercreditor Agreement

speaks for itself and respectfully refer the Court to that document for its contents. All other allegations in this paragraph, including all mischaracterizations of the Intercreditor Agreement, are denied.

131.    Paragraph 131 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Defendants state that the Intercreditor Agreement speaks for itself and respectfully refer the Court to that document for its contents. All other allegations in this paragraph, including all mischaracterizations of the Intercreditor Agreement, are denied.

132.    Deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 132 of the Complaint, except refer the Court to the Intercreditor Agreement, annexed as Exhibit 34 to the Complaint, as the best evidence of its contents.

133.    Deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 133 of the Complaint, except refer the Court to the Intercreditor Agreement, annexed as Exhibit 34 to the Complaint, as the best evidence of its contents.

134.    Paragraph 134 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Defendants state that the Intercreditor Agreement speaks for itself and respectfully refer the Court to that document for its contents. All other allegations in this paragraph, including all mischaracterizations of the Intercreditor Agreement, are denied.

135.    Paragraph 135 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Defendants state that the Intercreditor Agreement speaks for itself and respectfully refer the Court to that document for its contents. All other

allegations in this paragraph, including all mischaracterizations of the Intercreditor Agreement, are denied.

136.    Paragraph 136 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Defendants state that the Intercreditor Agreement speaks for itself and respectfully refer the Court to that document for its contents. All other allegations in this paragraph, including all mischaracterizations of the Intercreditor Agreement, are denied.

137.    Paragraph 137 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Defendants state that the Intercreditor Agreement speaks for itself and respectfully refer the Court to that document for its contents. All other allegations in this paragraph, including all mischaracterizations of the Intercreditor Agreement, are denied.

138.    Paragraph 138 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Defendants state that the Intercreditor Agreement speaks for itself and respectfully refer the Court to that document for its contents. All other allegations in this paragraph, including all mischaracterizations of the Intercreditor Agreement, are denied.

139.    Paragraph 139 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Defendants state that the Intercreditor Agreement speaks for itself and respectfully refer the Court to that document for its contents. All other allegations in this paragraph, including all mischaracterizations of the Intercreditor Agreement, are denied.

140.     Paragraph 140 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Defendants state that the Intercreditor Agreement speaks for itself and respectfully refer the Court to that document for its contents. All other allegations in this paragraph, including all mischaracterizations of the Intercreditor Agreement, are denied.

141.     Paragraph 141 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Defendants state that the Intercreditor Agreement speaks for itself and respectfully refer the Court to that document for its contents. All other allegations in this paragraph, including all mischaracterizations of the Intercreditor Agreement, are denied.

142.     Paragraph 142 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Defendants state that the Intercreditor Agreement speaks for itself and respectfully refer the Court to that document for its contents. All other allegations in this paragraph, including all mischaracterizations of the Intercreditor Agreement, are denied.

## AS AND FOR A FIRST CAUSE OF ACTION
### (Foreclosure of Project Loan Mortgage)

143.     In response to Paragraph 143 of the Complaint, Defendant incorporates herein by this reference each and every response made to the allegations set forth in Paragraphs 1 to 142 of the Complaint, as if the same were set forth in full hereat.

144.     Deny the allegations contained in Paragraph 144 of the Complaint.

145.     Deny the allegations contained in Paragraph 145 of the Complaint.

146.     Deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 146 of the Complaint, except refer the Court to the letters dated July 13, 2020, October 20, 2020, December 22, 2020, and January 28, 2021, referred to therein, as the best evidence of their contents.

147.     Deny the allegations contained in Paragraph 147 of the Complaint.

148.     Deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 148 of the Complaint, except refer the Court to the Notice of Acceleration, referred to therein, as the best evidence of its contents.

149.     Deny the allegations contained in Paragraph 149 of the Complaint.

150.     Paragraph 150 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Defendants state that the Project Loan Mortgage speaks for itself and respectfully refer the Court to the Project Loan Mortgage for its contents. All other allegations in this paragraph, including all mischaracterizations of the Project Loan Mortgage, are denied.

151.     Paragraph 151 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Defendants state that the Project Loan Mortgage speaks for itself and respectfully refer the Court to the Project Loan Mortgage for its contents. All other allegations in this paragraph, including all mischaracterizations of the Project Loan Mortgage, are denied.

152.     Paragraph 152 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Defendants state that the Loan Documents speaks for themselves and respectfully refer the Court to the Loan Documents for their contents. All other

allegations in this paragraph, including all mischaracterizations of the Loan Documents, are denied.

153.    Deny the allegations contained in Paragraph 153 of the Complaint.

154.    Paragraph 154 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Defendants state that the Loan Documents and Project Loan Mortgage speak for themselves and respectfully refer the Court to the Loan Documents and Project Loan Mortgage for their contents. All other allegations in this paragraph, including all mischaracterizations of the Loan Documents and Project Loan Mortgage, are denied.

155.    Deny knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 155 of the Complaint.

156.    Deny knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 156 of the Complaint.

157.    Paragraph 157 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

158.    Paragraph 158 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

159.    Paragraph 159 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

## AS AND FOR A SECOND CAUSE OF ACTION
### (Foreclosure of Building Loan Mortgage)

160.    In response to Paragraph 160 of the Complaint, Defendant incorporates herein by this reference each and every response made to the allegations set forth in Paragraphs 1 to 159 of the Complaint, as if the same were set forth in full hereat.

161.    Paragraph 161 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Defendants state that the Loan Documents speaks for themselves and respectfully refer the Court to the Loan Documents for their contents. All other allegations in this paragraph, including all mischaracterizations of the Loan Documents, are denied.

162.    Deny the allegations contained in Paragraph 162 of the Complaint.

163.    Deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 163 of the Complaint, except refer the Court to the Notices of Default dated July 13, 2020, October 20, 2020, December 22, 2020, and January 28, 2021, referred to therein, as the best evidence of their contents.

164.    Deny the allegations contained in Paragraph 164 of the Complaint.

165.    Deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 165 of the Complaint, except refer the Court to the Notice of Acceleration, referred to therein, as the best evidence of its contents.

166.    Deny the allegations contained in Paragraph 166 of the Complaint.

167.    Paragraph 167 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Defendants state that the Building Loan Mortgage speaks for itself and respectfully refer the Court to the Building Loan Mortgage for its contents.

All other allegations in this paragraph, including all mischaracterizations of the Building Loan Mortgage, are denied.

168.    Paragraph 168 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Defendants state that the Building Loan Mortgage speaks for itself and respectfully refer the Court to the Building Loan Mortgage for its contents. All other allegations in this paragraph, including all mischaracterizations of the Building Loan Mortgage, are denied.

169.    Paragraph 169 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Defendants state that the Loan Documents speaks for themselves and respectfully refer the Court to the Loan Documents for their contents. All other allegations in this paragraph, including all mischaracterizations of the Loan Documents, are denied.

170.    Deny the allegations contained in Paragraph 170 of the Complaint.

171.    Paragraph 171 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Defendants state that the Loan Documents and Building Loan Mortgage speak for themselves and respectfully refer the Court to the Loan Documents and Building Loan Mortgage for their contents. All other allegations in this paragraph, including all mischaracterizations of the Loan Documents and Building Loan Mortgage, are denied.

172.    Deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 172 of the Complaint.

173.    Deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 173 of the Complaint.

174.    Paragraph 174 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

175.    Paragraph 175 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

176.    Paragraph 176 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

## AS AND FOR A THIRD CAUSE OF ACTION
### (Foreclosure of Senior Loan Mortgage)

177.    In response to Paragraph 177 of the Complaint, Defendant incorporates herein by this reference each and every response made to the allegations set forth in Paragraphs 1 to 176 of the Complaint, as if the same were set forth in full hereat.

178.    Paragraph 178 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Defendants state that the Loan Documents, Senior Loan Note and Senior Loan Mortgage speak for themselves and respectfully refer the Court to the Loan Documents, Senior Loan Note and Senior Loan Mortgage for their contents. All other allegations in this paragraph, including all mischaracterizations of the Loan Documents, Senior Loan Note and Senior Loan Mortgage, are denied.

179.    Deny the allegations contained in Paragraph 179 of the Complaint.

180.    Deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 180 of the Complaint, except refer the Court to the Notices of Default dated

July 13, 2020, October 20, 2020, December 22, 2020, and January 28, 2021, referred to therein, as the best evidence of their contents.

181.   Deny the allegations contained in Paragraph 181 of the Complaint.

182.   Deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 182 of the Complaint, except refer the Court to the Notice of Acceleration, referred to therein, as the best evidence of its contents.

183.   Deny the allegations contained in Paragraph 183 of the Complaint.

184.   Paragraph 184 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Defendants state that the Senior Loan Mortgage speaks for itself and respectfully refer the Court to the Senior Loan Mortgage for its contents. All other allegations in this paragraph, including all mischaracterizations of the Senior Loan Mortgage, are denied.

185.   Paragraph 185 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Defendants state that the Senior Loan Mortgage speaks for itself and respectfully refer the Court to the Senior Loan Mortgage for its contents. All other allegations in this paragraph, including all mischaracterizations of the Senior Loan Mortgage, are denied.

186.   Paragraph 186 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Defendants state that the Loan Documents speaks for themselves and respectfully refer the Court to the Loan Documents for their contents. All other allegations in this paragraph, including all mischaracterizations of the Loan Documents, are denied.

187.    Deny the allegations contained in Paragraph 187 of the Complaint.

188.    Paragraph 188 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Defendants state that the Loan Documents and Senior Loan Mortgage speak for themselves and respectfully refer the Court to the Loan Documents and Senior Loan Mortgage for their contents. All other allegations in this paragraph, including all mischaracterizations of the Loan Documents and Senior Loan Mortgage, are denied.

189.    Deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 189 of the Complaint.

190.    Deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 190 of the Complaint.

191.    Paragraph 191 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

192.    Paragraph 192 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

193.    Paragraph 193 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

### AS AND FOR A FOURTH CAUSE OF ACTION
**(Consolidation of Project Loan Mortgage, Building Loan
Mortgage and Senior Loan Mortgage for Foreclosure)**

194.    In response to Paragraph 194 of the Complaint, Defendant incorporates herein by this reference each and every response made to the allegations set forth in Paragraphs 1 to 193 of the Complaint, as if the same were set forth in full hereat.

195.    Deny the allegations contained in Paragraph 195 of the Complaint.

196.     Paragraph 196 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

197.     Paragraph 197 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Defendants state that the Senior Loan Mortgage, Building Loan Mortgage, and Project Loan Mortgage speak for themselves and respectfully refer the Court to the Senior Loan Mortgage, Building Loan Mortgage, and Project Loan Mortgage for their contents. All other allegations in this paragraph, including all mischaracterizations of the Senior Loan Mortgage, Building Loan Mortgage, and Project Loan Mortgage, are denied.

198.     Deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 198 of the Complaint.

199.     Paragraph 199 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

### AS AND FOR A FIFTH CAUSE OF ACTION
**(Alternative Relief for Successive Foreclosure Sales of the Project Loan Mortgage, Building Loan Mortgage, and Senior Loan Mortgage)**

200.     In response to Paragraph 200 of the Complaint, Defendant incorporates herein by this reference each and every response made to the allegations set forth in Paragraphs 1 to 199 of the Complaint, as if the same were set forth in full hereat.

201.     Paragraph 201 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

## AS AND FOR A SIXTH CAUSE OF ACTION
### (Breach of the Guaranties)

202.    In response to Paragraph 202 of the Complaint, Defendant incorporates herein by this reference each and every response made to the allegations set forth in Paragraphs 1 to 201 of the Complaint, as if the same were set forth in full hereat.

203.    Deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 203 of the Complaint.

204.    Deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 204 of the Complaint.

205.    Deny the allegations contained in Paragraph 205 of the Complaint.

206.    Deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 206 of the Complaint.

207.    Paragraph 207 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 207 of the Complaint.

208.    Paragraph 208 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

## AS AND FOR A SEVENTH CAUSE OF ACTION
### (Breach of the Intercreditor Agreement)

209.    In response to Paragraph 209 of the Complaint, Defendant incorporates herein by this reference each and every response made to the allegations set forth in Paragraphs 1 to 208 of the Complaint, as if the same were set forth in full hereat.

31

210.     Paragraph 210 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Defendants state that the Intercreditor Agreement speaks for itself and respectfully refer the Court to that document for its contents. All other allegations in this paragraph, including all mischaracterizations of the Intercreditor Agreement, are denied.

211.     Deny the allegations contained in Paragraph 211 of the Complaint.

212.     Deny the allegations contained in Paragraph 212 of the Complaint.

213.     Deny the allegations contained in Paragraph 213 of the Complaint.

214.     Deny the allegations contained in Paragraph 214 of the Complaint.

215.     Deny the allegations contained in Paragraph 215 of the Complaint.

216.     Deny the allegations contained in Paragraph 216 of the Complaint.

217.     Deny the allegations contained in Paragraph 217 of the Complaint.

218.     Deny the allegations contained in Paragraph 218 of the Complaint.

219.     Deny the allegations contained in Paragraph 219 of the Complaint.

220.     Deny the allegations contained in Paragraph 220 of the Complaint.

221.     Deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 221 of the Complaint.

222.     Paragraph 222 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Defendants state that the Intercreditor Agreement speaks for itself and respectfully refer the Court to that document for its contents. All other allegations in this paragraph, including all mischaracterizations of the Intercreditor Agreement, are denied.

223.    Paragraph 223 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
### (Specific Performance)

224.    In response to Paragraph 224 of the Complaint, Defendant incorporates herein by this reference each and every response made to the allegations set forth in Paragraphs 1 to 223 of the Complaint, as if the same were set forth in full hereat.

225.    Paragraph 225 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Defendants state that the Intercreditor Agreement speaks for itself and respectfully refer the Court to that document for its contents. All other allegations in this paragraph, including all mischaracterizations of the Intercreditor Agreement, are denied.

226.    Paragraph 226 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Defendants state that the Intercreditor Agreement speaks for itself and respectfully refer the Court to that document for its contents. All other allegations in this paragraph, including all mischaracterizations of the Intercreditor Agreement, are denied.

227.    Paragraph 227 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Defendants state that the Intercreditor Agreement speaks for itself and respectfully refer the Court to that document for its contents. All other allegations in this paragraph, including all mischaracterizations of the Intercreditor Agreement, are denied.

228.    Paragraph 228 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Defendants state that the Intercreditor Agreement speaks for itself and respectfully refer the Court to that document for its contents. All other allegations in this paragraph, including all mischaracterizations of the Intercreditor Agreement, are denied.

229.    Paragraph 229 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

230.    Paragraph 230 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

231.    Paragraph 231 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

## AS AND FOR A NINTH CAUSE OF ACTION
### (Specific Performance)

232.    In response to Paragraph 232 of the Complaint, Defendant incorporates herein by this reference each and every response made to the allegations set forth in Paragraphs 1 to 231 of the Complaint, as if the same were set forth in full hereat.

233.    Paragraph 233 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

234.    Paragraph 234 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

235.    Defendants SAMCOM 48 (DE) LLC and 37-10 114TH STREET ML FUNDING, LLC deny that the Plaintiff is entitled to any judgment or relief against it whatsoever, including the relief sought in the "WHEREFORE," clause following Paragraph 234 of the Complaint.

34

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE TO THE COMPLAINT

1.      The Causes of Action alleged in the Complaint, and the Complaint as a whole, fail to state a claim for against Defendants upon which relief may be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE TO THE COMPLAINT

2.      Plaintiff's Cause of Action, and the Complaint as a whole, are barred and precluded, in whole or in part, by the doctrine of unclean hands.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE TO THE COMPLAINT

3.      Plaintiff's Cause of Action is barred, in whole or in part, because Plaintiff has not suffered any damages as a result of Defendants' actions as alleged in the Complaint.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE TO THE COMPLAINT

4.      Plaintiff's Cause of Action is barred and precluded, in whole or in part, by the doctrines of waiver and estoppel.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE TO THE COMPLAINT

5.      Defendants have a defense founded upon documentary evidence.

## AS AND FOR AN SIXTH AFFIRMATIVE DEFENSE TO THE COMPLAINT

6.      Pursuant to the terms and conditions of the subject Loan Documents, Plaintiff or the lawful holder of the subject notes was required to send certain notices to Defendants, as the obligors and mortgagors thereunder, as a condition precedent to accelerating the moneys due thereunder and/or commencing foreclosure proceedings against the Premises.

7.      Plaintiff did not send to the Defendants the notices required by the alleged Loan Documents in order to declare a default and commence the instant action.

8.      The Complaint therefore is barred and precluded, in whole or in part, based upon Plaintiff's failure to satisfy requisite conditions precedent.

9.      Consequently, the Complaint should be dismissed.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE**

10.     The Complaint is barred and precluded, in whole or in part, based upon Plaintiff's failure to accelerate obligations due under the alleged subject note(s) prior to the commencement of the within action.

11.     Consequently, the Complaint should be dismissed.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE**

12.     The Complaint is barred and precluded, in whole or in part, based upon Plaintiff's material breach of the subject Loan Documents.

13.     Consequently, the Complaint should be dismissed.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE TO THE COMPLAINT**

14.     Defendants reserve and do not waive any additional and further defenses to the Complaint as may be revealed throughout the duration of this action.

**AS AND FOR A CROSS-CLAIM AGAINST AI YUN CHEN AND WENDY CHAU**

1.      Defendants repeat and reallege each and every allegation set forth in all prior paragraphs as though fully set forth herein.

2.      Defendant 37-10 114th STREET ML FUNDING, LLC was and is a limited liability company organized and existing under the laws of the State of Delaware, which maintains a principal place of business located at c/o The Moinian Group, 3 Columbus Circle, 23rd Floor, New York, New York 10019.

3.      Defendant SAMCOM 48 (DE) LLC was and is a limited liability company organized and existing under the laws of the State of Delaware, which maintains a principal place of business located at c/o The Moinian Group, 3 Columbus Circle, 23rd Floor, New York, New York 10019.

4.      Upon information and belief, Defendant Ai Yun Chen ("Chen") is a citizen of the State of New York, who resides at 58-36 208th Street, Bayside, New York 11364.

5.      Upon information and belief, Defendant Wendy Chau ("Chau," and together with Chen, collectively, "Guarantors") is a citizen of the State of New York, who resides at 25 Aldgate Drive E, Manhasset, New York 11030.

6.      On or about October 31, 2018, Chatus Mezz (DE) LLC ("Chatus"), as Borrower, entered into a Mezzanine Loan Agreement with ML Funding, in the amount of $6,000,000.00 (the "Mezzanine Loan"), related to the subject Property and Loan. A copy of the Mezzanine Loan Agreement is annexed hereto at Exhibit A.

7.      Section 6.31 of the Mezzanine Loan Agreement provides that:

Borrower shall defend, indemnify, and hold harmless Lender and each of its Affiliates and their respective successors and assigns . . . (each an "Indemnified Party") from and against any and all liabilities, obligations, losses, damages, penalties, actions, judgments, suits, claims, costs, expenses and disbursements of any kind or nature whatsoever (including the reasonable fees and disbursements of counsel for an Indemnified Party in connection with any . . . judicial proceeding commenced or threatened, whether or not Lender shall be designated a party thereto, court costs . . . that may be imposed on, incurred by, or asserted against any Indemnified Party (collectively, the "Indemnified Liabilities") in any manner, relating to or arising out of or by reason of the Loan, including (i) any breach by Borrower of its obligations under, or any misrepresentation by Borrower contained, in, any Loan Document; (ii) the use or intended use of the proceeds of the Loan.

8.      So as to induce Defendant to enter into the Mezzanine Loan, which is an absolute, unconditional and irrevocable guaranty of payment, on or about October 21, 2018, Guarantors

37

executed that certain Guaranty of Recourse Obligations (the "Recourse Guaranty") unconditionally guaranteeing certain obligations due under the subject Loan with Plaintiff WILMINGTON TRUST, NATIONAL ASSOCIATION, AS TRUSTEE FOR THE REGISTERED HOLDERS OF THE BANCORP COMMERCIAL MORTGAGE 2019-CRE5 TRUST's ("Plaintiff").

9.      Under the Paragraph 2 of the Guaranty, Guarantors "irrevocably, absolutely and unconditionally guaranties to Lender the full, prompt and complete payment when due of the Guarantied Obligations." The "Guaranteed Obligations" are defined in Paragraph 1 of the Guaranty and include "all of the Debt" (as defined in Section 1.1 of the Mezzanine Loan Agreement to include the Loan) and all other sums due to Lender with respect to the Mezzanine Loan Agreement, which include but are not limited to Indemnified Liabilities (as defined in the Mezzanine Loan Agreement) and attorneys' fees, costs and disbursements incurred by Lender with respect to enforcing Lender's rights under the Mezzanine Loan Agreement.

10.     On or about October 21, 2018, Guarantors executed that certain Guaranty of Recourse Obligations (the "Recourse Guaranty") unconditionally guaranteeing certain obligations due under the subject Loan with Plaintiff WILMINGTON TRUST, NATIONAL ASSOCIATION, AS TRUSTEE FOR THE REGISTERED HOLDERS OF THE BANCORP COMMERCIAL MORTGAGE 2019-CRE5 TRUST's ("Plaintiff").

11.     On or about October 31, 2018, Guarantors executed that certain Guaranty of Completion (the "Completion Guaranty" and, together with the Recourse Guaranty, collectively, the "Guarantees") unconditionally guaranteeing certain completion of work.

12.     Upon information and belief, prior to June 7, 2021, Guarantors, through their control of Chatus, controlled Defendant Plaintiff 48 (DE) LLC ("SAMCOM").

13.     On September 30, 2021, Defendant 37-10 114th Street ML Funding, LLC acquired Chatus' membership interest in SAMCOM and became the owner of SAMCOM. Accordingly, as of September 30, 2021, SAMCOM was an Affiliate of Defendant 37-10 114th Street ML Funding, LLC under the indemnification provision of the Mezzanine Agreement.

14.     To the extent Plaintiff sustained the damages complained of in the Complaint, such damages were caused, in whole or in part, by reason of the culpable conduct and breach of the Guarantees of Guarantors.

15.     To the extent Plaintiff sustained the damages complained of in the Complaint, such damages were caused, in whole or in part, by reason of Guarantors failure to comply with the terms of their Guarantees by failing to pay the alleged indebtedness due to the Plaintiff.

16.     To the extent Plaintiff sustained the damages complained of in the Complaint, such damages were caused, in whole or in part, by reason of Guarantors having failed to cure their defaults.

17.     As such, by reason of the foregoing in the event that any judgment or verdict is recovered against Defendants, SAMCOM 48 (DE) LLC and  37-10 114TH STREET ML FUNDING, LLC ("Defendants"), Defendants are entitled to contractual and common law indemnification from and to judgment over and against the Guarantors.

**WHEREFORE,** Defendants SAMCOM 48 (DE) LLC and 37-10 114TH STREET ML FUNDING, LLC demand, as follows:

A.      As against Plaintiff, WILMINGTON TRUST, NATIONAL ASSOCIATION, AS TRUSTEE FOR THE REGISTERED HOLDERS OF THE BANCORP COMMERCIAL MORTGAGE 2019-CRE5 TRUST, granting a judgment dismissing the Complaint in its entirety;

B.      As against Defendants WENDY CHAU and AI YUN CHEN, granting a judgment on their cross-claim; and

C.      Granting to Defendants such other and further relief as the Court deems just, proper, and equitable, including the attorneys' fees, costs, and disbursements of this action.

Dated:  New York, New York
        August 4, 2022

                                        **THE KLEIN LAW GROUP CRE, PLLC**

                            By:      _/s/ Efrem Z. Fischer_
                                     Efrem Z. Fischer, Esq. (EF-3860)
                                     Attorneys for Defendants
                                     SAMCOM 48 (DE) LLC and
                                     37-10 114TH STREET ML FUNDING, LLC
                                     275 Madison Avenue
                                     33rd Floor
                                     New York, New York 10016
                                     (212) 661-9400