UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
WILMINGTON TRUST, NATIONAL ASSOCIATION,
AS TRUSTEE FOR THE REGISTERED HOLDERS
OF THE BANCORP COMMERCIAL MORTGAGE
2019-CRE5 TRUST, COMMERCIAL MORTGAGE
PASS-THROUGH CERTIFICATES,
SERIES 2019-CRE5,

<table>
<tr><td>Plaintiff,</td><td>MEMORANDUM<br>AND ORDER</td></tr>
<tr><td>-against-</td><td>22-CV-2720 (RPK) (RLM)</td></tr>
</table>

SAMCOM 48 (DE) LLC, *et al.*,

                            Defendants.
------------------------------------------------------------------------x

ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:

In this mortgage foreclosure action, plaintiff Wilmington Trust, National Association,

as Trustee for the Registered Holders of the Bancorp Commercial Mortgage 2019-CRE5 Trust,

Commercial Mortgage Pass-Through Certificates, Series 2019-CRE5 ("plaintiff"), filed a

discovery motion requesting, *inter alia*, a protective order striking certain topics in the Rule

30(b)(6) deposition notice issued by defendants Samcom 48 (DE) LLC ("Samcom") and 37-10

114th Street ML Funding LLC (collectively, with Samcom, the "Borrower Defendants"). See

[Plaintiff's] Letter Motion to Compel [ ] (Nov. 21, 2022) ("Pl. Mot.") at 2-3, Electronic Case

Filing ("ECF") Docket Entry ("DE") #43. Specifically, plaintiff requests that the Court strike

Topics 2 through 16 as vague, overly broad, and/or outside of plaintiff's knowledge. See id.

For the following reasons, the Court grants plaintiff's request in substantial part.

## BACKGROUND

On May 10, 2022, plaintiff commenced this action against the Borrower Defendants

and others,[1] seeking to foreclose the mortgages encumbering the real property "commonly known as Holiday Inn LaGuardia Airport and located at 37-10 114th Street, Corona, New York 11368" (the "Subject Property").  See Complaint (May 10, 2022) ¶ 1, DE #1; see also Am. Compl. ¶ 1, DE #27.  Several defendants have since filed answers to plaintiff's operative pleading (i.e., the Amended Complaint) and asserted cross-claims against co-defendants.

The parties subsequently engaged in discovery.  On October 14, 2022, the Borrower Defendants served plaintiff with a deposition notice for a Rule 30(b)(6) deposition of plaintiff, containing a total of 17 topics.  See generally Pl. Mot., Exhibit 2 – Def[endants'] Notice of Deposition to Pl[aintiff] (docketed on Nov. 21, 2022) ("Depo. Notice"), DE #43-2. Thereafter, several discovery disputes arose between the parties, including plaintiff's objections to most of the Rule 30(b)(6) deposition topics; the parties conferred on a number of occasions but were unable to resolve these issues.  See Pl. Mot. at 1-2, DE #43.

On November 21, 2022, plaintiff filed the instant discovery motion, in which it requests that the Court strike the purportedly improper Rule 30(b)(6) deposition topics and stay plaintiff's deposition.  See generally id.  On December 5, 2022, the Court deferred its decision on plaintiff's request to strike and stayed plaintiff's deposition, "pending the Court[']s resolution of [this] dispute[.]"  Order [ ] Terminating in part[, granting in part,] and deferring decision on [DE] #43 (Dec. 5, 2022) ("12/5/22 Order").[2]

---

[1] The other defendants include Ai Yun Chen, Wendy Chau, Sam Strulovitch, Ke Huang Shi, the New York City Department of Finance, and the New York City Environmental Control Board (collectively, with the Borrower Defendants, "defendants").  See Amended Complaint (July 27, 2022) ("Am. Compl.") ¶¶ 2-10, DE #27.

[2] Plaintiff also demanded that the Court compel the Borrower Defendants to produce documents related to their efforts to sell the Subject Property, see Pl. Mot. at 2, DE #43; the Court terminated this request as moot after plaintiff subsequently informed the Court that the Borrower Defendants belatedly complied with its document request, see 12/5/22 Order; [Plaintiff's] Response to [ ] Letter Motion for Extension of Time to Complete Discovery (Dec. 5, 2022) at 2, DE #48.

## DISCUSSION

I.    **Legal Standard**

Under Rule 26(c)(1) of the Federal Rules of Civil Procedure, district courts have discretion to limit the scope of discovery or issue a protective order where necessary "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]"  Fed. R. Civ. P. 26(c)(1); see DDK Hotels, LLC v. Williams-Sonoma, Inc., 19 CV 226 (ILG) (CLP), 2022 WL 2702378, at *2 (E.D.N.Y. Feb. 11, 2022).  Thus, as with other forms of discovery, a court may issue a protective order striking improper topics in a Rule 30(b)(6) deposition notice.  See DDK Hotels, 2022 WL 2702378, at *2; BAT LLC v. TD Bank, N.A., 15 CV 5839 (RRM) (CLP), 2019 WL 13236131, at *4 (E.D.N.Y. Sept. 24, 2019).

In reviewing a Rule 30(b)(6) deposition notice, courts consider "whether the topics are proportional to the needs of the case, not unduly burdensome or duplicative, and described with reasonable particularity"; multiple courts have held that "reasonable particularity" requires the noticing party to describe the relevant subject areas with "painstaking specificity[.]"  DDK Hotels, 2022 WL 2702378, at *2 (collecting cases) (internal quotation marks and citation omitted); accord N. Shore Window & Door, Inc. v. Andersen Corp., 19-CV-06194 (ENV) (LGD), 2022 WL 16788807, at *1 (E.D.N.Y. Sept. 14, 2022).  "Where the topics are vaguely worded, seek irrelevant information, or are so overly broad as to make it impossible for the responding party to prepare its witness, courts may strike the topics."  DDK Hotels, 2022 WL 2702378, at *2 (collecting cases).  Courts have also issued protective orders with respect to topics that are intended to impermissibly "ascertain how a party intends to

marshal the facts and support its legal theories." BAT LLC, 2019 WL 13236131, at *4

(collecting cases); accord King Pharms., Inc. v. Eon Labs, Inc., No. 04-CV-5540 (DGT),

2008 WL 5111005, at *1 (E.D.N.Y. Dec. 4, 2008).  Moreover, "a Rule 30(b)(6) deposition

should not be a 'memory contest' of topics better suited to a written response or a supplemental

document production." Blackrock Allocation Target Shares: Series S Portfolio v. Wells Fargo

Bank, Nat'l Ass'n, 14-CV-09371 (KPF)(SN), 2017 WL 9400671, at *2 (S.D.N.Y. Apr. 27,

2017) (citation omitted); accord DDK Hotels, 2022 WL 2702378, at *2.  "Ultimately, '[t]he

grant and nature of protection is singularly within the discretion of the district court.'" City of

Almaty, Kazakhstan v. Sater, 19-CV-2645 (JGK) (KHP), 2022 WL 10374082, at *2

(S.D.N.Y. Oct. 18, 2022) (alteration by court in Sater) (quoting Dove v. Atl. Capital Corp.,

963 F.2d 15, 19 (2d Cir. 1992)).

## II.   Analysis

In the instant motion, plaintiff requests that the Court strike Topics 2 through 16 "as

beyond the knowledge of [p]laintiff, improperly vague and overbroad, and irrelevant to the

claims and defenses asserted in this action."  Pl. Mot. at 2-3, DE #43.  In response, the

Borrower Defendants maintain that there is no basis to strike these topics,[3] as they relate to

plaintiff's allegations in the Amended Complaint.  See [Borrower Defendants'] Response in

Opposition re [Plaintiff's] Letter Motion to Compel (Nov. 28, 2022) ("Def. Opp.") at 2-4, DE

#45.  The Court discusses each of the disputed topics below.

---

[3] The Borrower Defendants apparently do not oppose plaintiff's request to strike Topic 15, which, in any event, is improper for the reasons set forth *infra* Section II.C.  The Court therefore grants plaintiff's motion as to this topic.

A.      <u>Topics 2-5 and 11-12</u>

The Court strikes Topics 2, 3, 4, 5, and 11 as overly broad and/or improperly inquiring into plaintiff's legal theories and strategy; the Borrower Defendants are permitted to revise Topic 12, as described below.

First, Topic 5 seeks testimony regarding "[a]ny and all pleadings filed in this action." Depo. Notice ¶ 5, DE #43-2.  As an initial matter, the scope of this Topic is unclear; although the language of Topic 5 references all pleadings filed by *all* parties, the Borrower Defendants' letter opposing plaintiff's request for a protective order characterizes Topic 5 as seeking "a witness with knowledge of the defendants and the facts underlying the Amended Complaint." Def. Opp. at 4, DE #45.  Either way, this deposition topic fails to comply with Rule 30(b)(6)'s specificity requirement, given that plaintiff has filed two complaints (approximately 80 pages total), and that there are eight named defendants, many of whom have filed answers, as well as cross-claims.  Plaintiff's counsel can hardly be expected to prepare its Rule 30(b)(6) witness to testify on "all" of the aforementioned pleadings without any indication of which allegations contained in these pleadings will be raised during the deposition.  Notably, plaintiff has not objected to Topic 1, which covers "[a]ll factual allegations and claims asserted in the Amended Complaint filed herein on July 27, 2022[.]"  Depo. Notice ¶ 1, DE #43-2.[4]  The Court therefore concludes that, to the extent that Topic 5 is not redundant of Topic 1, the former is impermissibly broad.  <u>See, e.g.</u>, <u>N. Shore Window & Door</u>, 2022 WL 16788807, at *1-2 (finding that a deposition topic used "vague and overly broad terms" where it included the

---

[4] <u>But</u> <u>cf.</u> <u>DDK Hotels</u>, 2022 WL 2702378, at *13-14 (granting protective order as to Rule 30(b)(6) topic seeking the "'facts and circumstances' underlying plaintiffs' allegations in the Complaint[,]" as overly broad and essentially improperly "asking the designee to marshal the evidence").

word "all" without any further specification); <u>Gov't Emps. Ins. Co. v. Lenex Servs., Inc.</u>, 16

CV 6030 (LDH) (CLP), 2018 WL 1368024, at *9 (E.D.N.Y. Mar. 16, 2018) (same).

Like Topic 5, Topics 2, 3, 4, and 11 run afoul of Rule 30(b)(6) for overbreadth. The

first three of these topics concern "[a]ll factual allegations, claims and defenses" set forth in

the Borrower Defendants' answer and cross-claims, and in other defendants' cross-claims

against the Borrower Defendants. Depo. Notice ¶¶ 2-4, DE #43-2. Topic 11 asks for

information relating to "[a]ny and all agreements concerning the financing and/or mortgaging

of the Mortgaged Premises from October 31, 2018 to the present." <u>Id.</u> ¶ 11. As the District

Court held in <u>DDK Hotels</u>, this type of request is overly broad and "encompasses every

possible fact relevant to the litigation." <u>DDK Hotels</u>, 2022 WL 2702378, at *14.

Moreover, the phrasing of Topics 2 through 5 suggests that the Borrower Defendants

intend to go through each allegation and claim in the referenced pleadings. "That, in essence,

is asking the designee to marshal the evidence and is thus improper[,]" <u>id.</u>, particularly where,

as here, the designee would likely be questioned about plaintiff's views on possible defenses,

<u>see Lenex Servs.</u>, 2018 WL 1368024, at *3 (defendant's request for plaintiff's testimony about

"all factual matters" supporting defendant's defenses was held to be improper because it

"seems to require [plaintiff] to marshal the evidence that [it] believes constitutes or supports

any potential defense to the allegations in the Complaint"). Such unbounded requests for

information about the pleadings of other parties are plainly inappropriate: "The factual basis

and support for the affirmative defenses and theories on which the *other* co-defendants intend

to seek to impose liability on each other are not within [plaintiff's] knowledge, and the requests

appear designed to harass and annoy" the noticed party. <u>BAT LLC</u>, 2019 WL 13236131, at

*5.  The Court therefore strikes Topics 2, 3, 4, 5, and 11 as overly broad and impermissibly seeking plaintiff's mental impressions and legal strategies.

Finally, as to Topic 12, the Borrower Defendants seek information regarding "Trimont Real Estate Advisors, LLC's servicing of any mortgages related to the [Subject] Premises." Depo. Notice ¶ 12, DE #43-2.  While this loan-servicing topic is narrower in scope than many of the other topics, it nevertheless lacks a temporal limit and a description of those aspects of the loan servicing as to which the Borrower Defendants intend to elicit testimony.  As now written, Topic 12 thus fails the "reasonable particularity" standard.  See N. Shore Window & Door, 2022 WL 16788807, at *2; DDK Hotels, 2022 WL 2702378, at *6.  The Court will, however, afford the Borrower Defendants an opportunity to revise this topic to clarify what they are looking for and to narrow the temporal scope of this topic.  See DDK Hotels, 2022 WL 2702378, at *6; see also id. at *7, *9, *11-12.

**B.**     **Topics 7-10**

Topics 7, 8, 9, and 10 seek testimony regarding "[t]he negotiation, execution and terms and conditions" of numerous loan documents related to the Subject Property,[5] as referenced in the Amended Complaint.  Depo. Notice ¶¶ 7-10, DE #43-2; Am. Compl. ¶¶ 14, 18, 24, 30, 33-34, DE #27.  Plaintiff objects to these topics on the grounds that they are irrelevant, intended to harass plaintiff, and outside the scope of plaintiff's knowledge.  See Pl. Mot. at 3, DE #43.  The Borrower Defendants assert (without citing any caselaw) that because plaintiff, as assignee, has stepped into the shoes of the original lender, it cannot avoid testifying on these

---

[5] The Borrower Defendants seek this testimony with respect to the Building Loan Agreement (and any amendments thereto), the Senior Loan, the Building Loan, the Project Loan, the Senior Loan Mortgage, the Building Loan Mortgage, the Project Loan Mortgage, the Recourse Guaranty, and the Completion Guaranty.  See Depo. Notice ¶¶ 7-10, DE #43-2.

topics, which necessarily go to "the heart" of the action.  Def. Opp. at 4, DE #45.

Here, plaintiff was not an original party to any of the referenced loan agreements, and it would therefore be unlikely (and unreasonable to expect) that any representative of plaintiff has relevant, first-hand knowledge concerning their "negotiation" and "execution." See, e.g., Am. Compl., Exhibit Project Loan Agreement (docketed on July 27, 2022) at 1, DE #27-10 (agreement between The Bancorp Bank—the original lender—and Samcom).  Indeed, plaintiff confirms that it lacks "independent knowledge of the negotiation and execution of the Loan Documents." Pl. Mot. at 3, DE #43.  "[W]here a party seeks to depose a Rule 30(b)(6) witness with no independent knowledge of the facts, 'unjustified disclosure of the opinions and mental process of counsel may occur' if the deposed person is required to select and compile certain facts and asked to reveal their source[.]" SEC v. McGinnis, Case No. 5:14-cv-6, 2015 WL 13505396, at *7 (D. Vt. Jan. 13, 2015) (quoting United States v. Dist. Council of N.Y.C. & Vicinity of United Bhd. of Carpenters & Joiners of Am., No. 90 CIV. 5722 (CSH), 1992 WL 208284, at *7, *10 (S.D.N.Y. Aug. 18, 1992)).[6]  The Court therefore concludes that, as currently drafted, this line of inquiry (regarding the negotiation and execution of contracts to which plaintiff was not a party) is not appropriate for a Rule 30(b)(6) deposition of plaintiff.

With respect to the reference in Topics 7 through 10 to the "terms and conditions" of the various contractual agreements, this phrase is vague and overbroad, as the contracts in

---

[6] Moreover, other district courts have held that inquiry into such information regarding the formation of an agreement is not a proper Rule 30(b)(6) deposition topic where the meaning of the contract's terms is not disputed as ambiguous.  See, e.g., Cincinnati Ins. Co. v. Fish, Civil No.: RDB-19-3355, 2021 WL 1658469, at *2 (D. Md. Apr. 27, 2021) ("[I]nformation regarding the drafting history of the policy . . . is not discoverable [in a Rule 30(b)(6) deposition,] as one party's understanding of the terms of the policy is not material to the construction of unambiguous policy terms." (citation omitted)).  In the instant case, the Borrower Defendants—who have access to the contracts referenced in Topics 7 through 10 (which are attached to the Amended Complaint)—raise no issue of contractual ambiguity.  See generally [Borrower Defendants'] Answer to [ ] Amended Complaint (Aug. 4, 2022), DE #30.

question collectively span hundreds of pages and contain countless terms and conditions. Absent guidance from the Borrower Defendants specifying the "terms and conditions" as to which they seek information, the Court concludes that it would be unduly burdensome to require plaintiff's Rule 30(b)(6) witness to prepare to testify about all possible terms and conditions. See, e.g., BAT LLC, 2019 WL 13236131, at *5, *9 (where plaintiff's "vague and generalized requests" embraced "virtually every possible subject that could be raised in this litigation, and described them in such broad terms that it is impossible to know how defendant would prepare a 30(b)(6) witness[,]" court ordered plaintiff to "provide a sufficiently detailed revised list of" topics, limited in scope and number). As now drafted, these topics are overly broad and not proportional to the needs of the case. See id. at *9.

Moreover, absent particularization by the Borrower Defendants as to what they are seeking to inquire into, the deposition topics at issue appear to "constitute contention discovery and improperly require Plaintiff to collect and synthesize all the information in its possession; that it then impart that body of knowledge to the deponent; and that the deponent, in turn, feed it back to [the examining party] in response to its deposition questions." Liveperson Inc. v. 24/7 Customer, Inc., No. 14 Civ. 1559(RWS), 2015 WL 4597546, at *7 (S.D.N.Y. July 30, 2015) (internal quotation marks, alterations, and citations omitted); see, e.g., JPMorgan Chase Bank v. Liberty Mut. Ins. Co., 209 F.R.D. 361, 363 (S.D.N.Y. 2002) ("Under the guise of requesting 'facts' . . . , plaintiff is really requesting defendants' mental impressions, conclusions, opinions, and legal theory. Such classic work product is properly shielded from discovery, Fed.R.Civ.P. 26(b)(3), absent a much more compelling need than any here shown by plaintiff.").

To be sure, the Borrowing Defendants are not precluded from pursuing discovery regarding the aforesaid contractual terms and conditions.  But questioning a witness about voluminous pages of contractual terms is neither an appropriate nor an efficient avenue of discovery.  "In a nutshell, depositions, including 30(b)(6) depositions, are designed to discover facts, not contentions or legal theories, which, to the extent discoverable at all prior to trial, must be discovered by other means."  JPMorgan Chase Bank, 209 F.R.D. at 362; see Blackrock Allocation Target Shares, 2017 WL 9400671, at *2 ("A court should strike notice topics that would result in a witness merely testifying to information readily available through document production" and "topics better suited to a written response[.]"); Nycomed U.S. Inc. v. Glenmark Generics Ltd., No. 08-CV-5023 (CBA), 2009 WL 3463912, at *1 (E.D.N.Y. Oct. 21, 2009) (observing that contention interrogatories are "a more appropriate means of obtaining the information sought than the blunderbuss 30(b)(6) topics at issue here" (citation omitted)); see also In re Zyprexa Prods. Liab. Litig., Nos. 04-MD-1596 (JBW), 06-CV-5826 (JBW), 2009 WL 9522945, at *2 (E.D.N.Y. Feb. 18, 2009) ("[I]nformation concerning the plea is available from the documents themselves, and . . . neither [the noticed party] nor the Court should be burdened with a deposition that is likely to intrude upon the attorney-client relationship and spawn additional litigation.").  Thus, the Court strikes the remainder of Topics 7, 8, 9, and 10, in their present form.

## C.   Topics 6 and 13-16

Finally, the Borrower Defendants request a Rule 30(b)(6) witness to testify on the "status" of various financing agreements and guarantees related to the Subject Property.  See Depo. Notice ¶¶ 6, 13-16, DE #43-2.  Problematically, however, the Borrower Defendants

have failed to define the word "status" or indicate what information is sought by this topic; the word "status" is so vague that the Court can only assume that the Borrower Defendants seek to discern how plaintiff interprets the terms of the agreements, individually and in conjunction with each other.  Thus, similar to Topics 2 through 4, these subjects appear to be thinly veiled attempts by the Borrower Defendants to discern plaintiff's legal theories, which (as noted above) constitute an improper use of a Rule 30(b)(6) deposition.  See BAT LLC, 2019 WL 13236131, at *4.

The Borrower Defendants contend that "[w]hether or not Plaintiff is in possession or control of the [S]ubject [P]remises does not reflect on its knowledge of the status of the premises, the hotel, or the hotel use agreements."  Def. Opp. at 2-3, DE #45.  But neither the Court nor plaintiff can adequately assess whether the information sought is within plaintiff's knowledge without first understanding what is meant by "status."  Accordingly, the Court strikes Topics 6, 13, 14, 15, and 16.

In sum, the Court sustains plaintiff's objections to Topics 2 through 16, but grants the Borrower Defendants leave to substantially narrow Topics 7 through 10 and 12 to cure the defects identified in this opinion.

## CONCLUSION

For the foregoing reasons, plaintiff's request for a protective order striking the

Borrower Defendants' Rule 30(b)(6) deposition topics is granted in substantial part, to the

extent described above.

**SO ORDERED.**

**Dated:**   **Brooklyn, New York**
         **December 28, 2022**

 /s/ *Roanne L. Mann*
**ROANNE L. MANN**
**UNITED STATES MAGISTRATE JUDGE**

12